FILED & JUDGMENT ENTERED
Steven T. Salata

May 26 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

IN RE:                                )
                                      )    Case No.:    17-30550
TANYA L. MATTESON                     )    Chapter 13
                                      )
                                      )
        **Debtor(s)**                 )

## ORDER TO APPEAR AND SHOW CAUSE

THIS MATTER came before the Court on the *Motion for Show Cause Order Requiring a Representative of Haven Legal Services to Appear and Show Cause Why It Should Not Be Sanctioned* ("Motion").  A hearing was held on May 19, 2017.  Present at the hearing were Alexandria P. Kenny, attorney for the Office of the United States Bankruptcy Administrator for the Western District of North Carolina, and Jenny P. Holman, attorney for the Chapter 13 Trustee.  The Court Finds and Orders as follows:

1. This is a voluntary *pro se* Chapter 13 case that was filed by the Debtor on
   April 6, 2017.  The filing was a "bare bones" filing for which numerous items were not included (see Notice of Deficient Filing [docket #3] entered on April 6, 2017).

2. On April 26, 2017, the Office of the Bankruptcy Administrator for the Western District of North Carolina filed the *Motion for Show Cause Order Requiring a Representative of Haven Legal Services to Appear and Show Cause Why It Should Not Be Sanctioned* ("Motion") [docket #11].

1

3. On May 16, 2016, Haven Legal Services ("HLS") filed a *Response for Haven Legal Services to Motion for Order for Appearance Requiring a Representative of Haven Legal Services to Appear and to Show Cause Order Why It Should Not Be Sanctioned* ("Response") [docket #15] that was signed by Rita Thomas as authorized representative for Haven Legal Services.  The Response alleged, among other things, that:

    a. There was no agreement or payment between HLS and the Debtor for HLS to participate in the Debtor's bankruptcy.

    b. HLS did not plan to appear at the hearing on the Motion, and HLS filed its Response in lieu of making an appearance at the hearing.

    c. The payment HLS received was for wrongful foreclosure, fraud, negligence, quiet title and unfair business practices.

4. At the hearing on the Motion, Malaka Williams ("Williams"), Case Administrator for the United States Bankruptcy Court for the Western District of North Carolina, testified.  Williams testimony included the following:

    a. The Debtor told Williams that HLS told the Debtor to file bankruptcy.

    b. The Debtor answered "No" to the question

        *Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?*

        However, the Debtor told Williams that HLS helped her prepare the documents that were filed.

    c. The documents were completed when the Debtor came to the Bankruptcy Court to file them.

    d. The Debtor provided Williams with the Consulting Services Retainer Agreement ("Agreement") with HLS and let Williams make a copy of the Agreement.

5. No one appeared on behalf of Haven Legal Services.

6. Based on the testimony and the evidence presented at the hearing and the entire record in this case, the Court finds that the Motion should be granted and a representative of Haven Legal Services should be ordered to appear and show cause.

THEREFORE, based on the foregoing and the entire record in this case, it is hereby ORDERED that Haven Legal Services, through a representative qualified to testify, is **ORDERED TO APPEAR AND SHOW CAUSE** why it should not be sanctioned for its actions in the Debtor's case. The Court will conduct a hearing on this *Order to Appear and Show Cause* at 2:00 p.m. on June 14, 2017 at the Charles Jonas Federal Building, 401 West Trade Street, Courtroom 1-5, Charlotte, North Carolina.

*This Order has been signed electronically.*  **United States Bankruptcy Court**
*The judge's signature and court's seal*
*Appear at the top of the Order.*