**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

In re:                              )
                                    )   Chapter 13
**TANYA L. MATTESON,**              )   Case No. 17-30550
                                    )
            Debtor.                 )
_____)

**RESPONSE TO SANCTION ORDER DIRECTED TO HAVEN LEGAL SERVICES**
**AND RETURN OF ORDER TO SHOW CAUSE**

Haven Legal Services, (HLS) by and through its counsel of record, hereby responds to the Order sanctioning HLS for violation of 11 USC §110 issued on August 8, 2017 and returns the Order to Show Cause Re: Purging of the Contempt Citation issued on August 8, 2017.

In summary, the Court's findings as set forth in the August 8, 2017 generally requires of HLS:

1. **Disgorgement**.

The Court ordered that HLS return to the Debtor fees that she had paid in the sum of $700.00. In addition, the Court found that the Debtor incurred out of pocket costs totaling $63.50, along with the court filing fee of $310 for a total of $373.50. The Court

ordered that due to the violations of §110 that HLS pay an additional sum of $2,000.  The Court ordered a grand total payable to the Debtor the sum of $3,373.50.  HLS has paid to the Debtor the sum of $3,373.50 as ordered. (See Attachment "A").

2. **Sanctions**.

The Court ordered that HLS be sanctioned in the sum of $7,000 for various violations under §110.  The Court found that there was 14 separate violations of §110 and each time the maximum fine of $500 each for a total of $7,000 was imposed.  The Court thereafter tripled the fine to be the sum of $21,000.  Presently, Haven Legal Services has not paid the fine.

3. **Injunction from Future Violations**.

The Court issued a permanent injunction enjoining HLS from violating §110.

Since the hearing, HLS has complied with the injunction and has performed no act whatsoever that would be subject to §110 in that it has not filed any document nor assisted any individual in preparing any document in conjunction with the activities allowed under §110.

4. **Contempt Citation**.

HLS failed to appear at the June 14, 2017 hearing on the Show Cause Order.  The Court found the failure to appear to be in contempt of the Court's prior ruling.  Subsequent to the issuance of the August 8, 2017 order, HLS retained both California counsel and local counsel.  Local counsel will appear at the hearing set

for September 26, 2017 and California counsel will appear at the hearing via court call.

**Relief Requested**.

1. Reduction in assessed fine.

HLS requests the Court's indulgence in the modification of the fine imposed.

First and foremost, HLS no longer has any connection with any portion of the business that does petition preparation. In summary, HLS provides mortgage modification to homeowners behind on their mortgage payments. It is not a law firm. It main business is mortgage modification. At one point in time, an individual then associated with HLS understood that Chapter 13 could be a way to assist customers in need of mortgage modification. That individual is no longer associated with HLS.

To exacerbate the problem caused by not complying §110, a response to a show cause order was filed by Rita Thomas on behalf of HLS. Rita Thomas was not a shareholder, director, officer or managing agent of HLS. The declaration filed on or about May 16, 2017 was not reviewed by management nor by counsel. No authority was granted to Ms. Thomas to file the response. Ms. Thomas is no longer associated with HLS. The Thomas declaration was not accurate. If the inaccuracies were known to management, the declaration would not have been filed.

The failure of HLS to properly annotate the Chapter 13 petition to reflect that it had prepared by HLS is the root cause

of all of the problems that have befallen HLS. Had there been compliance with §110(c), HLS might not be facing such a significant fine that was issued by the Court.

It is respectfully submitted that the failure of HLS to comply with §110(c) should be the basis of the fine of $500. Pursuant to §110(l)(2), the fine shall be tripled. It is respectfully requested that the Order of August 8, 2017 be modified to require HLS to forthwith pay the sum of $1,500 as the fine. In lieu of ordering a payment of fine, the Court could order that HLS pay for North Carolina counsel to prepare a full and proper Chapter 13 petition for the Debtor. As pointed out in the August 8, 2017 order, the Court stated the typical fee in the Western District was $4,500.

It is further respectfully requested that with the presence of counsel at the hearing, the payment to the Debtor and full compliance with the permanent injunction, that the Court find that HLS is no longer in contempt and thereby purge the contempt citation and discharge the prior order to show cause.

It is respectfully submitted that the balance of August 8, 2017 order remain in full force as to the permanent injunction enjoining HLS from performing any acts in violation of §110.

HLS most wholeheartedly apologizes to the Court for the prior actions that were taken. HLS is attempting to make amends to the best of its abilities. It is hoped that the Court will accept the frankness that it has offered and provide the relief requested

herein.

    2.   <u>Request for Additional Time to Supplement</u>

If the Court is not presently amenable to reduce the fine issued, HLS requests now that local counsel has been retained and *pro hac vice* counsel admitted, that the Court grant HLS a brief continuance of the current hearing to allow counsel to get more fully engaged.

A brief continuance will allow both counsel sufficient time in which to sort out all the details and enable HLS to fully and properly response to the contempt citation.

                         Respectfully submitted,

                         <u>/s/ David L. Prince</u>
                         David L. Prince, Esq., Cal. Bar #113599
                         *pro hac vice* Sept. 25, 2017
                         1912 East Vernon Avenue, Suite 100
                         Vernon, California 90058
                         Tel. 323/234-2989 Fax. 323/234-2619
                         E-mail: dlp@redchamber.com

Certificate of Service.

The foregoing was served via the Couut's ECF services as follows:

alexandria_p_kenny@ncwba.uscourts.gov
wtadlock@ch13clt.com
attorneymckee@gmail.com
travis.menk@brockandscott.com

By US Mail

Tanya L. Matteson
13314 Pontchrain Avenue
Charlotte, NC 28273

Executed this 25th day of September 2017, Los Angeles, California.

/s/ David L. Prince
David L. Prince, Esq., Cal. Bar #113599